UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DaJuan Benson,

        Plaintiff,        Case No. 19-cv-10414

v.

                              Judith E. Levy
Mark W. Nelson,        United States District Judge

        Defendant.       Mag. Judge Mona K. Majzoub
_____/

# **OPINION AND ORDER DISMISSING THE COMPLAINT [1]**

Plaintiff DaJuan Benson, a pretrial detainee housed at the Washtenaw County Jail in Ann Arbor, Michigan, recently filed a pro se civil rights complaint under 42 U.S.C. § 1983. (Dkt. 1.) The defendant, Mark W. Nelson, is a state district court magistrate in Ypsilanti, Michigan. In his complaint, plaintiff alleges that, at a video arraignment on January 26, 2019, Magistrate Nelson deprived him of his right to represent himself and then silenced him by ceasing to talk about the issue and ordering a court-appointed attorney to represent him. (*Id.* at 5–7.) Plaintiff alleges that this procedure violated his Fourteenth Amendment right to due process of law (*id.* at 4, 7), and therefore asks the Court to dismiss the criminal charges against him, suspend

Magistrate Nelson, and compel Magistrate Nelson to apologize to him. (*Id.* at 8.)

## II. Legal Standard

Under the Prison Litigation Reform Act of 1996, a federal district court must screen and dismiss an indigent prisoner's complaint if the allegations are frivolous, malicious, fail to state a claim for which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c)(1); *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010). "A case is frivolous if it lacks an arguable basis either in law or in fact." *Beach v. Ohio*, 79 F. App'x 754, 756 (6th Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A pro se complaint is entitled to a liberal construction and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III. Discussion

Plaintiff brings multiple allegations against Magistrate Nelson in this action. For the reasons stated below, none of his claims can go forward.

First, Magistrate Nelson is immune from suit. Although Judge Nelson acts under color of state law when performing his official duties, "judges enjoy absolute immunity from liability under 42 U.S.C. § 1983." *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) (citing *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004)). Absolute immunity means a plaintiff cannot sue him for acts taken in his capacity as a judge. This

immunity extends to state district court judges and magistrates performing discretionary acts of a judicial nature. *Krajicek v. Justin*, 991 F. Supp. 875, 876 (E.D. Mich. 1998) (citing *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967); *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992); *Hill v. City of New York*, 45 F.3d 653, 660 (2nd Cir. 1995)); *see also Dean v. Byerley*, 354 F.3d 540, at 555–56 (6th Cir. 2004) (explaining that any state official whose acts are "judicial in nature" are entitled to absolute immunity based on those acts). Absolute immunity applies even if "a judge acts corruptly or with malice," *Leech*, 689 F.3d at 542, and can only be overcome "under only two circumstances":

> First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Id.* (quoting *Mireles v. Waco*, 502 U.S. 11, 11–12 (1991)).

Here, plaintiff has not shown that either one of these exceptions are present. Judge Nelson therefore cannot be sued under 42 U.S.C. § 1983 based on his judicial acts. Accordingly, plaintiff's complaint fails to state a claim and must be dismissed.

The complaint is subject to dismissal for additional reasons. First, plaintiff's request to have the Court dismiss the criminal charges against him is a challenge to his physical confinement. Any claim challenging his physical confinement must be brought as a habeas corpus petition, which first requires exhaustion of available state law remedies. *See Dotson v. Wilkinson*, 329 F.3d 463, 466 (6th Cir. 2003) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14, 500 (1973)). In addition, federal courts should not interfere in active state criminal prosecutions, absent extraordinary circumstances. *Devlin v. Kalm*, 594 F.3d 893, 894 (6th Cir. 2010) (citing *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364 (1989)). Extraordinary circumstances do not exist here, because the issues can be raised and resolved in state court. Instead, the proper course of action is for the federal court to refrain from entertaining the action.

## IV. Conclusion

For the reasons stated above, Plaintiff's allegations fail to state a plausible claim for relief. Accordingly, the Court **DISMISSES** the complaint (Dkt. 1).

IT IS SO ORDERED.

Dated: March 26, 2019          s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                               United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 26, 2019.

s/Shawna Burns
SHAWNA BURNS
Case Manager